UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM TUNSTALL, JR., | No. 2:14-cv-2259-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A AND RECOMMENDATION TO DENY REQUESTS FOR INJUNCTIVE RELIEF |
| BRIAN DUFFY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983, has filed several requests for injunctive relief and a request for the appointment of counsel.

**I.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## II.   Screening Order

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds that it must be dismissed with leave to amend for failure to state a claim. Plaintiff names the warden as a defendant because he was "aware or should be aware and is liable for the actions of his subordinates." ECF No. 1 at 2. Plaintiff does not allege that the warden was personally involved in any violation of plaintiff's rights. Plaintiff also alleges that defendant Blanco failed to provide him with medical treatment for his dementia. The complaint does not allege why Blanco refused to provide plaintiff with treatment. Next, plaintiff claims that defendants Martin, Balanza, Artis, Mello, Lee, and Zamora improperly processed his administrative appeals and helped to "cover up" the alleged wrongs of other defendants. He also claims that defendants

/////

Hall[1] and Rose violated his rights under the Americans with Disabilities Act because he is partially deaf and was denied an effective means of communication during proceedings on a rules violation report.  Plaintiff claims he must rely on written communication for effective communication, but does not allege that the means of communication utilized during the rules violation proceedings were ineffective or otherwise harmed him.  Nor does he allege why any defendant chose to deny him the option of written communications.  Plaintiff also claims that defendant Camper assaulted him.

Plaintiff's allegations are too vague and conclusory to support a claim for relief under the applicable standards, set forth below.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  In addition, plaintiff's claims against one or more defendants appear to be completely unrelated to the claims against other defendants.  Plaintiff's claims cannot all be properly joined together in a single action because they appear to involve discrete events that do not arise out the same occurrence and involve a common question of law or fact.[2]  *See* Fed. R. Civ. P. 20(a)(2).  To proceed, plaintiff must file an amended complaint that cures these defects.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*,

---

[1] Defendant Hall is not identified in the complaint's caption as a defendant.  Plaintiff is cautioned that pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, all defendants must be so identified.

[2] "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

1  487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the
2  facts establish the defendant's personal involvement in the constitutional deprivation or a causal
3  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.
4  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44
5  (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable
6  for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679
7  (2009). He must identify the particular person or persons who violated his rights. He must also
8  plead facts showing how that particular person was involved in the alleged violation.

9  To succeed on an Eighth Amendment claim predicated on the denial of medical care, a
10 plaintiff must establish that he had a serious medical need and that the defendant's response to
11 that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*
12 *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to
13 treat the condition could result in further significant injury or the unnecessary and wanton
14 infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial,
15 delay or intentional interference with medical treatment or by the way in which medical care is
16 provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

17 To act with deliberate indifference, a prison official must both be aware of facts from
18 which the inference could be drawn that a substantial risk of serious harm exists, and he must also
19 draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if
20 he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing
21 to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate
22 altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*,
23 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition,
24 even if some treatment is prescribed, may constitute deliberate indifference in a particular case.
25 *Id.*

26 It is important to differentiate common law negligence claims of malpractice from claims
27 predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.
28 In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on defendants simply because they played a role in processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . . Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

Title II of the Americans with Disabilities Act ("ADA"), prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132. In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

The ADA authorizes suits by private citizens for money damages against public entities, *United States v. Georgia*, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity.'" *Pennsylvania Dep't. of Corrs. v. Yeskey*, 524 U.S. 206,

210 (1998). "To recover monetary damages under Title II of the ADA . . . , a plaintiff must prove intentional discrimination on the part of the defendant." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  The standard for intentional discrimination is deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139.

"In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." *Roundtree v. Adams*, No. 1:01-cv-06502-OWW-LJO, 2005 U.S. Dist. LEXIS 40517, at *22 (E.D. Cal. Dec. 1, 2005) (quotations and citations omitted).  Indeed, a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in his individual capacity to vindicate rights created by Title II of the ADA. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).  Thus, an ADA plaintiff may seek injunctive relief against an individual defendant only if the defendant is sued in his or her official capacity. *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003).

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).  In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. *Id.* at 7; *see also id.* at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

/////

Plaintiff will be granted leave to file an amended complaint, to attempt to allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

Any amended complaint must not exceed the scope of this order and may not add new, unrelated claims. Further, any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**III.   Requests for Injunctive Relief**

As discussed above, plaintiff's complaint must be dismissed. As there is no operative complaint, plaintiff has shown no likelihood of success on the merits of any claim, and there are

7

no defendants against whom this court could enter an order.  If plaintiff files an amended complaint that states a cognizable claim, the court will order the United States Marshal to serve the amended complaint upon any properly named defendant(s).  *See Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  Accordingly, plaintiff's motions for a preliminary injunction must be denied as premature.

**IV.    Request for Appointment of Counsel**

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.

**V.    Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

2. Plaintiff's request for the appointment of counsel (ECF No. 22) is denied without prejudice.

8

1    Further, IT IS HEREBY RECOMMENDED that plaintiff's requests for injunctive relief
2 (ECF Nos. 16, 17, 18, 19, 20, 21) be denied without prejudice as premature.
3    These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within fourteen days after service of the objections.  Failure to file
9 objections within the specified time may waive the right to appeal the District Court's order.
10 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
11 1991).
12 Dated:  October 20, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE